IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) <br> 425 Third Street SW, Suite 800 ) <br> Washington, DC 20024, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF STATE, ) <br> The Executive Office ) <br> Office of the Legal Adviser, Room 5519 ) <br> 2201 C Street, NW ) <br> Washington, DC  20520, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of State to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of State is an agency of the United States Government headquartered at 2201 C Street NW, Washington, DC 20520. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On June 6, 2016, Plaintiff submitted a FOIA request to Defendant seeking the following:

   A. Any and all "Secretarial Transition Background Materials" provided to former Secretaries of State Colin Powell, Condoleezza Rice, and Hillary Clinton; and

   B. Any and all records concerning, regarding, or relating to any changes and/or updates made to "Secretarial Transition Background Materials" from January 1, 1997 to the present.

6. To assist Defendant in identifying responsive records, Plaintiff enclosed with its FOIA request a copy of the "Secretarial Transition Background Materials" (dated November 1996) provided to former Secretary of State Madeleine Albright.

7. On June 16, 2016, Defendant sent a letter to Plaintiff acknowledging receipt of the request on June 13, 2016 and advising Plaintiff that the request had been assigned Case Control Number F-2016-06725

8. As of the date of this Complaint, Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552

9. Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

11. To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) working days of receiving the request on June 13, 2016.  Accordingly, Defendant's determination was due on or about July 12, 2016.  At a minimum, Defendant was required to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.  *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

12. Because Defendant failed to determine whether to comply with Plaintiff's request within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.  5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold

any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  August 5, 2016                                    Respectfully submitted,

/s/ Michael Bekesha
Michael Bekesha
D.C. Bar No. 995749
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff Judicial Watch, Inc.*